UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sherinette Wannamaker, ) | C/A No. 3:14-3729-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Kathy N. Ransom; State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, Sherinette Wannamaker, proceeding pro se and in forma pauperis, appears to bring this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Camille Graham Correctional Institution of the South Carolina Department of Corrections ("SCDC").

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

The records from the Public Index for the Clerk of Court for Richland County reveal that after being convicted in a jury trial in September 1998, Plaintiff was sentenced to fifteen (15) years imprisonment for armed robbery and life imprisonment for murder. See Richland County Fifth Judicial Circuit Public Index, http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=F468091&CaseType=C (last visited Sept. 24, 2014); http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=F468092&CaseType=C (last visited Sept. 24, 2014). Plaintiff asserts that she had a post-conviction relief ("PCR") hearing (case number 2002-CP-40-0330) in 2006, and her conviction was reversed and she was granted a new trial in 2008. An appeal was filed by the State of South Carolina. Defendant Kathy N. Ransom, a court reporter, allegedly lost all notes and audiotapes as to Plaintiff's PCR hearing, and the South Carolina Supreme Court ordered that a new PCR hearing be held. Plaintiff alleges that during the new hearing, her trial attorney changed her



2

(the attorney's) testimony and the previous grant of PCR relief and a new trial was denied. Plaintiff asserts that Defendant's "negligence of losing the audiotapes [] caused [Plaintiff] to lose [her] new trial." Complaint, ECF No. 1 at 3. Plaintiff requests that she be given a sentence of time served, a reduced sentence, or a new trial. She also requests monetary damages for the "professional negligence" of Defendant and compensation for being incarcerated from the time her sentence was reversed in 2008. Id. at 4.

Plaintiff alleges a claim for negligence and professional negligence against the Defendant. However, claims for negligence are not cognizable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Thus, Plaintiff's claims under § 1983 are subject to summary dismissal. Further, to the extent that this action can be interpreted as requesting that Plaintiff be released from prison, such relief may only be obtained in a habeas action. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Additionally, if Plaintiff is seeking to recover against the Defendant for alleged wrongdoing that led to the denial of her application for PCR, her Complaint is subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994).[1] See, e.g., Mims v. Anderson, 350 F. App'x 351, 352 (11th Cir. 2009)[claim that court reporter failed to attach exhibits to trial transcript, sabatoging constitutional right to appeal, pertained to validity of conviction under Heck ]; Rose v. Paterson, 152 F. App'x 589 (9th Cir. 2005)[as any damages awarded for an inaccurate transcript of inmate's criminal proceedings would be measured by its effect on inmate's ability to challenge his criminal conviction on appeal,

---

[1] In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487.



3

such a claim was barred under Heck]; Holmes v. Garcia, 101 F.3d 697, 1996 WL 661136, at *1 (5th Cir. 1996) (unpublished per curiam)[claim that district attorney and court reporter altered statement of facts of criminal trial implicated validity of plaintiff's conviction under Heck].

Finally, to the extent Plaintiff has alleged claims under state law (such as negligence), federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff's Complaint and proposed service documents indicate that both parties to this action are residents of South Carolina, so diversity of citizenship does not exist. See ECF No. 1 at 2; ECF No. 3. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.



4

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 25, 2014
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6