IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SHERINETTE WANNAMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:14-cv-03729-TLW |
| ) | |
| KATHY N. RANSOM, State of South ) | |
| Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# ORDER

Plaintiff Sherinette Wannamaker, proceeding pro se and in forma pauperis, filed this civil action for "professional negligence," alleging that Defendant was negligent in losing the notes and audiotapes from Plaintiff's post-conviction relief hearing. (Doc. #1). This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss the Complaint without prejudice and without issuance and service of process because Plaintiff's claims are not cognizable under federal law. (Doc. #10).

Plaintiff filed timely objections to the Report on October 9, 2014. (Doc. #12). She asserts that (1) she qualifies to have counsel appointed to represent her; (2) the Magistrate Judge should have referred this case to another judge because he previously recommended denial of Plaintiff's habeas petition; and (3) her civil suit is not frivolous. Id. However, Plaintiff also states that she "erroneously alleged a state claim with the federal court," and that "[b]ased on the foregoing, [she] accept[s] the court's dismissal . . . and will pursue [her] claim of negligence in

state court." Id. at 3-4. Despite Plaintiff's apparent acquiescence to the Magistrate Judge's recommendation that the Court dismiss this action, the Court has considered Plaintiff's objections to the Report.

In conducting its review of the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #10), and Plaintiff's objections thereto are **OVERRULED** (Doc. #12).[1]  For the reasons

---

[1] The Court specifically notes that Plaintiff's contention that "[i]t is a conflict, for the same judge who handled [her] Habeus [sic] Corpus relief--and recommended its dismissal as well, to also preside over a civil suit [she is] pursuing" is without merit. (See Doc. #12 at 1-2). A judge should recuse himself from any case in which "his impartiality might reasonably be questioned;" he has "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning [the] proceeding;" he has been involved in the matter as a private or governmental practitioner; he has a financial interest in the matter; or he has a familial relationship affecting the matter. 28 U.S.C. § 455. "[P]revious adverse rulings against a party do not constitute adequate grounds for recusal." Jones Cnty. Improvement Ass'n, Inc. v. North Carolina Dep't of Transp., No. 4:07-cv-46, 2007 WL 4380098, at *1 (E.D.N.C. Dec. 12, 2007) (citing Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 712 (9th Cir. 1993)). Thus, contrary to Plaintiff's assertion, there was no need for the Magistrate Judge to "refer[] [her]

articulated by the Magistrate Judge, this action is **DISMISSED** without prejudice and without issuance and service of process.

   **IT IS SO ORDERED.**

               *s/ Terry L. Wooten*
               Terry L. Wooten
               Chief United States District Judge

November 6, 2014
Columbia, South Carolina

---

motion to another judge, to conduct the review fairly," and this objection is overruled. (See Doc. #12 at 1).